IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ANGELA STUDDARD, individually and as lawful wife, next of kin, administrator ad litem, and personal representative for EDMOND STUDDARD, Deceased, and Estate of Edmond Studdard, <br><br> Plaintiff, <br><br> v. <br><br> SHELBY COUNTY, TENNESSEE; SHERIFF WILLIAM OLDHAM, in his capacity as Sheriff of Shelby County, Tennessee; SHELBY COUNTY SHERIFF'S OFFICE; ERIN J. SHEPHERD, individually and as employee or agent of Shelby County, Tennessee; and TERRY I. REED, individually and as employee or agent of Shelby County, Tennessee, <br><br> Defendants. | Civil Action No. 2:17-cv-02517 <br> Jury Demanded |

**DEFENDANTS ERIN SHEPHERD AND TERRY REED'S COMBINED MOTION AND SUPPORTING MEMORANDUM TO CONTINUE STAY PENDING RULING FROM THE UNITED STATES SUPREME COURT**

Defendants Erin Shepherd and Terry Reed (hereinafter, "Defendants") move the Court to continue the stay in this case pending the outcome of their Petition for Writ of Certiorari to the U.S. Supreme Court regarding qualified immunity. In support of this Motion, Defendants state as follows:

## Facts and Procedural History

1.  Defendants Reed and Shepherd filed a Motion for Summary Judgment on August 31, 2018, asserting in relevant part that they are entitled to qualified immunity. (ECF 89). Shelby County filed a separate Motion for Summary Judgment the same day. (ECF 90).

2.  The Court granted Shelby County's Motion, but denied Defendants Reed and Shepherd's Motion on January 22, 2019. (ECF 153).

3.  On January 25, 2019, Defendants Reed and Shepherd filed a Notice of Appeal to the Sixth Circuit Court of Appeals, (ECF 157), where they again asserted qualified immunity.

4.  Reed and Shepherd also filed a Motion to Stay pending a ruling on appeal regarding qualified immunity, which Plaintiff opposed. (ECF 155; *see also* ECF 156, 158, 159, 160, 162, 164, 165, 166, 169, 170).

5.  The Magistrate Judge[1] entered an order deferring ruling on the Motion, ruling in part that Reed and Shepherd had failed to identify specific legal grounds which they intended to address on appeal. (ECF 166, PageID 2691).

6.  Thus, in subsequent briefing, Reed and Shepherd clarified the specific legal grounds they intended to challenge. (ECF 169-1).

7.  The District Judge then granted the stay, ruling that because the Defendants later specified the "legal basis for appeal of a denial of qualified immunity, the Motion

---

[1] Pursuant to Administrative Order No. 2019-02, all non-dispositive motions at that time were referred to the assigned Magistrate Judge. (ECF 166, PageID 2688 n.1).

2

to Stay is GRANTED. This matter is STAYED in its entirety pending resolution of the interlocutory appeal." (ECF 178, PageID 2823).

8. On appeal, the Sixth Circuit allowed briefing and oral argument and, although it ultimately affirmed the District Court's ruling, it did so based on different legal grounds than those addressed in the District Court's summary judgment order. *Compare* ECF 153 *with Studdard v. Shelby Cty., Tennessee*, 934 F.3d 478 (6th Cir. 2019).

9. Thereafter, Reed and Shepherd timely filed a Petition for a Writ of Certiorari with the United States Supreme Court on November 8, 2019. (ECF 181)(docketed as Supreme Court Case No. 19-609) (copy attached).

10. Pursuant to the Supreme Court Rules, Plaintiff has until December 12, 2019 to either file a Response in opposition to the Petition, or to elect not to.

11. In Reed and Shepherd's Petition, like in their interlocutory appeal to the Sixth Circuit, they raise specific, purely legal issues that are appropriate for interlocutory review based on qualified immunity. These include whether an officer's mistaken perception of distance against a knife-wielding suspect is a basis for qualified immunity in light of the Court's recognition that mistakes of fact can, in some circumstances, entitle officers to qualified immunity. *See Saucier v. Katz*, 533 U.S. 194, 206 (2001); *Groh v. Ramirez*, 540 U.S. 551, 566-67 (2004) (Kennedy, J. dissenting). They also ask the Court to add clarity to the often-debated question of what level of factual specificity is necessary for case precedent to squarely govern the question of qualified immunity in a given factual scenario. In this case specifically,

the Sixth Circuit relied on a single case to find that Reed and Shepherd's conduct was clearly established—*Sova v. City of Mt. Pleasant*, 142 F.3d 898 (6th Cir. 1998)—but Reed and Shepherd argue that the Sixth Circuit applied the case law too broadly.[2]

**Law and Argument**

12. Qualified immunity is not only immunity from liability but also immunity from suit. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The immunity is "effectively lost" if a case goes to trial. *Id.*

13. A defendant's interlocutory appeal of a qualified immunity decision generally divests the district court of jurisdiction and stays the proceedings. *Dickerson v. McClellan*, 37 F.3d 251, 252 (6th Cir. 1994) (citing *Mitchell*, 472 U.S. at 522).

14. Reed and Shepherd of course are aware that the Supreme Court's rulings on Petitions for Writs of Certiorari are discretionary, and that the majority of such Petitions are denied. However, they have provided sound legal bases to seek review of the Sixth Circuit's ruling; moreover, the Court has granted Petitions recently in qualified immunity cases similar to this one. *See Kisela v. Hughes*, 138 S. Ct. 1148 (2018); *White v. Pauly*, 137 S. Ct. 548 (2017).

15. Should the Supreme Court find that Reed and Shepherd are entitled to qualified immunity, that immunity would be effectively lost if they first must go to trial. The incident at issue in this case was traumatic for all involved and, if the Court finds that Reed and Shepherd are entitled to qualified immunity, they should

---

[2] "Whether a right was clearly established is a question of law." *Barrow v. City of Hillview, Kentucky*, No. 3:14-CV-00219-CRS, 2017 WL 6396136, at *3 (W.D. Ky. Dec. 14, 2017) (citing *Dickerson v. McClellan*, 101 F.3d 1151, 1156-57 (6th Cir. 1996)).

4

not be forced to proceed through a trial reliving the matter when qualified immunity is designed to protect against just that.

16. Thus, Reed and Shepherd request that the Court continue to stay the case pending a ruling from the Supreme Court on their Petition.

Respectfully submitted,

*/s/ E. Lee Whitwell*
JOHN MARSHALL JONES (#13289)
johnm.jones@shelbycountytn.gov
E. LEE WHITWELL (#33622)
lee.whitwell@shelbycountytn.gov
SHELBY COUNTY ATTORNEY'S OFFICE
160 North Main Street, Suite 950
Memphis, TN 38103
(901) 222-2100

*Attorneys for Defendants*

Certificate of Consultation

Undersigned counsel for Defendants Reed and Shepherd, pursuant to Local Rule 7.2(a)(1)(B), certifies as follows:
On December 5, 2019, I consulted via email with Plaintiff's counsel—Daniel Seward—regarding the Motion for Stay. Plaintiff's counsel advised that he does not consent to the relief sought.

*/s/ E. Lee Whitwell*

Certificate of Service

I certify that the foregoing is being filed via the Court's ECF system this 11th day of December, 2019, for service on all persons registered in connection with this

case including:

Daniel A. Seward, Esq.
4510 Chickasaw Road
Memphis, TN  38117

*Attorney for Plaintiff*

                                                */s/ E. Lee Whitwell*