IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ANGELA STUDDARD, INDIVIDUALLY AND AS
LAWFUL WIFE, NEXT OF KIN, ADMINISTRATOR AD LITEM
AND PERSONAL REPRESENTATIVE
FOR EDMOND STUDDARD, DECEASED AND
ESTATE OF EDMOND STUDDARD

      Plaintiff,

VS.                                    Civil Action No. 2:17-cv-02517

                                        JURY DEMANDED

SHELBY COUNTY, TENNESSEE;
SHERIFF WILLIAM OLDHAM, in his capacity
as SHERIFF OF SHELBY COUNTY, TENNESSEE
SHELBY COUNTY SHERIFF'S OFFICE;
And ERIN J. SHEPHERD, INDIVIDUALLY AND
AS EMPLOYEE OR AGENT OF SHELBY COUNTY, TENNESSEE
And TERRY I. REED, INDIVIDUALLY AND AS
EMPLOYEE OR AGENT OF SHELBY COUNTY, TENNESSEE

      Defendants.

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO SET ASIDE ORDER GRANTING DEFENDANT SHELBY COUNTY, TENNESSEE SUMMARY JUDGMENT**

Comes now the Plaintiff, by and through counsel of record, pursuant to Rule 54(b)of the

Federal Rules of Civil Procedure and would respectfully file the Plaintiff's Memorandum in

support of Plaintiff's Motion to Set Aside Order Granting Defendant Shelby County, Tennessee

1

summary judgment in this cause. In support of said motion, Plaintiff would respectfully state the following:

    1.   Plaintiff adopts by reference Plaintiff's original Response in Opposition to Defendants' Motion for Summary Judgment, Plaintiff's memorandum and citations to the record as if stated herein in verbatim.

    2.  **Deposition testimony of Deputy Kyle Lane**

Deputy Lane testified that Eddie Studdard looked in "distress". (Lane Deposition, 91) and that on July 7, 2016, prior to the shooting, that it appeared to him that Eddie Studdard had emotional issues and was trying to kill himself. (Lane Deposition, 94) Deputy Lane further testified that **at the time of the shooting** of Eddie Studdard, **there was no doubt that Eddie Studdard was suffering some type of mental crisis or illness or disorder**. (Lane Deposition at page 25)

    3.  **Deposition testimony of Deputy Samuel Pair**

Deputy Samuel Pair has been a Shelby County Deputy continuously since 2011 and he stated in his deposition, the following:

Question by Attorney Seward: Okay. So you run into people with mental issues or mental health crisis or mental incompetence on a daily basis as a law enforcement officer?

Response by Deputy Pair: **I would venture to say 25% of our calls are probably mental calls, or, to some extent, a mental person that's calling. It's a lot.**

Question by Attorney Seward: And that's been throughout the whole duration of your –

Response by Deputy Pair: **Since I've been there.**

Question by Attorney Seward: -- career as a law enforcement officer since 2012?

Response by Deputy Pair: **I mean, it seems like it's getting worse but, yeah, it's – we deal with a lot of the same people all the time.**
…

Question by Attorney Seward:  Throughout the whole time frame you've been running into people with –

Response by Deputy Pair:  **That I've been hired?**

Question by Attorney Seward:  Since you've been hired, right.

Response by Deputy Pair:  **Yes, sir.**

Question by Attorney Seward:  Okay.

Response by Deputy Pair:  **We run into – we deal with a lot of mental consumers.**

Question by Attorney Seward:  Nothing uncommon about it at all, right?

Response by Deputy Pair:  **Absolutely not.**


Deposition Excerpts of Deputy Samuel Pair (ECF No. 191. pages 4-6) (Pair Deposition, pages 59-59-61)


**Plaintiff's Rule 26 Expert Jeffrey Noble**

   Plaintiff adopts Plaintiff's Rule 26 Expert Report of Jeffrey Noble herein as if stated in verbatim.  Plaintiff adopts said report and said report's citation of the statements of fact and opinions of Jeffrey Noble. (Rule 26 Expert Report of Jeffrey Noble, ECF No. 99)

Jeffrey Noble opines that "Based upon the statements of Deputies Lane, Pair and Abdullah and the physical evidence, Mr. Studdard was **not an imminent threat to either Deputy Shepherd or Deputy Reed.  Mr. Studdard was not moving toward the deputies** at the moment that deadly force was used, he had the knife held at his own neck, and if Deputies Shepherd and Reed were in the southbound lane of traffic and Mr. Studdard was in the middle of the grassy area, Mr. **Studdard would have been at least 34 feet away from the officers at the moment of the shooting**.  Thus the **use of deadly force would not be objectively reasonable or consistent with generally accepted police practices**."  (Noble at 17)

3

**Defendants' Rule 26 Expert Richard Lichten**

Defendants' Rule 26 Expert Richard Lichten states and opines in his Rule 26 Expert Disclosure that

> **Mr. Noble and I do agree if the decedent was in fact standing still and had not made a move at all toward the shooter deputies, the shooting would be unjustified.**

(Rule 26 Expert Disclosure of Richard Lichten, ECF No. 89, Exhibit C, page 20 of report, number 42.1)

Further, Defendant's Rule 26 Expert Richard Lichten testified under oath in his deposition that opines that

> "If you accept that the decedent was standing still in the middle of the grass area and if you accept that the shooter deputies were in the southbound lane as Mr. Noble states, the Mr. Noble's math makes sense and he'd be right …And the same would be true, as you just said, if it was **34 feet or 7 feet**. If that was true, **if Mr. Studdard was standing still and not acting aggressively."**

(Deposition of Richard Lichten, ECF No. 98, p. 43, deposition page 168)

Defendants' Rule 26 Expert also testified during his deposition that:

**the 21 foot Rule "is not a rule per se …The 21 foot rule isn't necessarily a rule, although that's what it's called."**

(Deposition of Richard Lichten, ECF No. 98, pages 34, 35 and deposition pages 136, 137)

(ECF No. 193, pages 103, Licheten Deposition Excerpts)

Defendants' Rule 26 Expert testified at his deposition that if Eddie Studdard was 25 feet away from Deputy Shepherd and Deputy Reed at the time he was shot and Eddie Studdard was standing still and not moving towards the deputies, the deputies would not have been justified in the shooting. (Deposition of Richard Lichten, ECF No. 98, page 34. Deposition page 136)

4

**Deposition testimony of Defendant Erin Shepherd**

Defendant **Erin Shepherd** testified in her deposition to the following:

Question by Attorney Seward:  In this case, did you feel that Eddie Studdard was an eminent or immediate threat to cause you serious bodily injury or death at the time you pulled the trigger?

Response by Defendant Shepherd:  **Yes.**

Question by Attorney Seward:  Why?

Response by Defendant Shepherd:

> **Because we are trained on a 25 foot rule in relation to bladed weapons. That someone within the 25 feet can get to us and injure us before we can draw out weapons and pull the trigger.  And so we're not supposed to – we're trained not to let someone in that 25 foot threshold who has a weapon, rather it's to their throat, out at us, or anything like that.**

Question by Attorney Seward:  Okay. You called it the 25 foot rule.  Is that – a written rule that Shelby County Sheriff's Department has adopted?

Response by Defendant Shepherd:

> As far as I know, yes.  The research has been done on it.  **It used to be 21 feet but I believe they've extended it in the past few years to 25 feet**. …
> I don't know about the policy.  **I know that that's what we're trained.**

…

(Deposition of Erin Shepherd, (ECF No. 105, 1-3), deposition pages 173-175)
(Deposition of Erin Shepherd, (ECF No. 192, 1-5))

**Former Sheriff William Oldham**

**William Oldham** the former Sheriff of Shelby County Sheriff's Department and was so on July 7, 2016.  The Commercial Appeal is a newspaper in Memphis, Tennessee which published an article on or about July 22, 2014 in which the newspaper reporter stated that **Sheriff William**

5

**Oldham said that the proper distance deputies learn to keep between a dangerous person and themselves is 21 feet, something he was shocked to learn in the '80s …**

(ECF No. 190, pages 1-2)

## ARGUMENT

On July 7, 2016, Deputy Samuel Pairs' deposition testimony established that Defendant Shelby County Sheriff's Department was on notice that encounters between Shelby County Sheriff's Deputies and citizens who were mentally ill and/or had mental and/or emotional issues were common and ordinary and to be expected on a daily basis and that the percentage of encounters was rising.  The Commercial Appeal article that published a statement of then Sheriff William Oldham in which Sheriff Oldham stated that "the proper distance deputies learn to keep between a dangerous person and themselves is 21 feet, something he was shocked to learn in the late '80s.  This statement against interest is admissible against Defendant Shelby County in that the statement of William Oldham referred to the Shelby County Sheriff's Department's training regarding the 21 foot rule and he made the statement as "Sheriff" of Defendant Shelby County and said statement against interest was made prior to the shooting in this cause which took place on July 7, 2016.  The deposition testimony of Defendant Erin Shepherd establishes that Defendant Shelby County taught and trained her and other deputies at the Defendant Shelby County's training academy that no suspect who possessed a bladed weapon should ever come within 25 feet of her or other deputies and that **she and other deputies were trained that they had unfettered discretion and/or carte blanche and could use deadly force "anytime" a suspect comes within the 25 radius regardless.**  Defendant Shepherd further testified that said training by Defendant Shelby County previously taught deputies that 21 feet or closer was the distance to which she and other Shelby County Sheriff's Deputies could use deadly force for any

or no reason involving suspects who had a bladed weapon and came within the 21 foot from the Defendant or other deputies or others on the scene.  The statement by then Sheriff William Oldham confirms the deposition testimony of Defendant Shepherd regarding the 21 foot rule.

   Plaintiff respectfully alleges that Defendant Shelby County is liable and responsible to the Plaintiff regarding the failure to train Defendants Shepherd and Reed.  Plaintiff alleges that there is admissible evidence in the record of this cause to establish that the training was inadequate for the tasks performed, the inadequacy was the result of Defendant Shelby County's deliberate indifference and the inadequacy was closely related to or closely caused Eddie Studdard's injury. The Plaintiff would rely upon the clearly improper training of Defendants Shepherd and Reed in that there is no 21 foot rule or 25 foot rule that allows a Shelby County Deputy to shoot any individual who is holding a bladed weapon or knife but not attacking, approaching or constituting an imminent threat of serious bodily injury or death to the officer or anyone else. Plaintiff has alleged in Plaintiff's Amended Complaint that the "policies, practices, custom and training of Defendant Shelby County were the driving force behind the deprivation of constitutional rights sustained by Edmond Studdard."  (ECF No. 33, page 11)

       In  City of Canton, Ohio v. Harris, 489 U.S. 378 (1989), the United States Supreme Court provided citizens with two different approaches to a failure to train case.  In this case, the Plaintiff can establish that a constitutional injury was caused by the municipality's failure to train in an area where there was an obvious need for training in order to prevent officers or employees from violating citizen's constitutional rights.  In Allen v. Muskogee, 119 F.3d 837 (10th Cir. 1997), the Tenth Circuit held the following:

> When read as a whole and viewed in the light most favorable to
> the plaintiff as the party opposing summary judgment, the record
> supports an inference that the City trained its officers to leave cover
> and approach armed suicidal, emotionally disturbed persons and to try

7

> to disarm them, a practice contrary to proper police procedures and tactical principles…. The evidence is sufficient to support an inference that the need for different training was so obvious and the inadequacy so likely to result in violations of constitutional rights that the policymakers of the City could reasonably be said to have been deliberately indifferent to the need.

Plaintiff has presented admissible evidence to establish liability to Defendant Shelby County, Tennessee under Section 1983, under City of Canton deliberate indifference, objective deliberate indifference suffices.  City of Canton at 380-387.  It is a "knew or should have known" standard.  Plaintiff has presented admissible evidence to establish that Defendant Shelby County knew or should have known that its policy or the failure to have a policy would result in some lower level official such as Defendants Shepherd and Reed, violating the constitutional rights of Edmond Studdard, Deceased and Defendant Shelby County, Tennessee should be held liable.  The improper training, policy and/or custom to allow Shelby County Sheriff's Deputies unfettered discretion and carte blanche authority to use deadly force and shoot any suspect who may be mentally disturbed and/or mentally ill, holding a bladed weapon but not posing an imminent threat of death or serious bodily injury just because the suspect is closer than 25 feet or 21 feet is unconstitutional and it is obvious that such injuries and damages that Edmond Studdard suffered would be the result of said lack of training by Defendant Shelby County, Tennessee and it caused and is directly related to the shooting and ultimate death of Edmond Studdard.

The Plaintiff respectfully submits that there is ample admissible evidence which creates a genuine issue of material fact that is in dispute in this cause and respectfully request that this Honorable Court to set aside the Order Granting Defendant Shelby County Summary

Judgment.  Plaintiff would respectfully state that there are genuine disputes as to material facts and Defendant is not entitled to a judgment as a matter of law.

                                                Respectfully submitted,

                                                s/Daniel A. Seward
                                                Daniel A. Seward
                                                Attorney for Plaintiff
                                                Seward Law Firm
                                                4510 Chickasaw Road
                                                Memphis, TN 38117
                                                (901) 647-5848

## CERTIFICATE OF SERVICE

I, Daniel A. Seward, Attorney for Plaintiff, do hereby certify that I have served a true and correct copy of the foregoing on Mr. John Marshall Jones and Mr. E. Lee Whitwell, Attorneys for Defendants, via ECF filing on this the 16th of December, 2019.

s/Daniel A. Seward